UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERY ARISTOTLE PECORARO and STEVEN ANTHONY PECORARO, <br><br>　　　　　　Plaintiffs, <br><br>　v. <br><br>ARON PALUBA, et al., <br><br>　　　　　　Defendants. | CASE NO. C14-5208 BHS <br><br> ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS |

This matter comes before the Court on Plaintiffs' application to proceed in forma pauperis and their proposed complaint (Dkts. 1 and 1-1). The Court has considered the pleadings filed in support of the motion and hereby denies it for the reasons stated herein.

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). Moreover, the Court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied,* 375 U.S. 845 (1963). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987).

Plaintiffs allege federal question jurisdiction. Dkt. 1-1 at 2. They allege infringement on their right to travel in state based on the Privileges and Immunities Clause of the U.S. Constitution, article IV, § 2, cl. 1. Dkt. 1-1. Specifically, they allege Sound Transit and Aron Paluba, in the role of "CFSA Senior Coordinator," apparently an employee of Sound Transit, are "limiting [their] ability to travel" because Sound Transit will not issue a parking permit in their lot at the Sumner train station. Dkt. 1-1 at 2. In their complaint, Plaintiffs reference an email attached to it from Aron Paluba, stating that "the requirement of an average of 3 times a week usage at the particular pilot facility over the previous 3 months is necessary for participation in the pilot program." *See* Dkt. 1-1 at 2-3. Plaintiffs assert that they cannot "use the train if they cannot park" in the Sumner lot. Dkt. 1-1 at 2. From this they conclude that Sound Transit "is limiting [their] ability to travel by denying access to park [their] vehicle in a virtually empty lot." *Id.* Setting aside the fact that there may be multiple ways to use the train besides parking in the Sumner lot (*e.g.* having someone drop you off, using the bus, or participating in some type of ride share), the Court will discuss the attempted constitutional attack on Defendants.

The Privileges and Immunities Clause gives constitutional assurance that "[T]he Citizens of each State shall be entitled to all Privileges and Immunities of Citizens in the several States." U.S. Const. art. IV, § 2, cl. 1. Although U.S. Const. art. IV, § 2, cl. 1 recognizes the rights of citizens to interstate travel (between states), it does not apply to intrastate travel (travel within the state). *See Blake v. McClung*, 172 U.S. 239, 249 (1898) (recognizing the rights of citizens under the Privileges and Immunities Clause to travel in and pass through alien states). The complaint does not allege that Sound Transit operates

outside the state of Washington or that the Sound Transit is preventing Plaintiffs from traveling into Washington or into or between states.  Moreover, even if Sound Transit did prevent Plaintiffs from traveling by denying them a particular place to park, the Plaintiffs have not plead sufficient facts indicating that either Sound Transit is the type of entity, or that Aron Paluba, in the role of "CFSA Senior Coordinator," could be sued under U.S. Const. art. IV, § 2, cl. 1, or any other article, by private citizens for an alleged constitutional violation.  Other avenues for challenging or appealing Sound Transit's decision regarding the issuance of permits related to their pilot program may indeed exist, and thus Plaintiffs may attempt to pursue those means.

However, as to the instant case, the Court finds the complaint is legally "frivolous" in the sense that allegations set forth therein do not constitute a legally cognizable federal cause of action.

Therefore, it is hereby **ORDERED** that Plaintiffs' application to proceed in forma pauperis (Dkt. 1) is **DENIED**. The Clerk is direct to close the case.

Dated this 17th day of March, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge